# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:11-CV-03141-MDH |
| | ) | |
| DWIGHT ARMEL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the United States' Motion for Revocation of Conditional Release (Doc. 41). The Government moves to revoke Defendant's conditional release under 18 U.S.C. § 4246(f) on the grounds that Defendant failed to comply with the conditions of his release and his continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another. Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the Government's motion was referred to the United States Magistrate Judge for preliminary review under 28 U.S.C. § 636(b).

The Magistrate Judge held a hearing pursuant to 18 U.S.C. § 4246(f). With regard to the continuing commitment under § 4246, Defendant testified he did not think he had schizophrenia but did have depression, that he will continue to take his medication, and that, if released, he would not be a danger to others or their property. (Doc. 55).

The Magistrate Judge issued a Report and Recommendations recommending that Defendant's conditional release be revoked and that he be committed to the custody of the Attorney General for further hospitalization and treatment pursuant to 18 U.S.C. § 4246(f). (Doc. 57). The Magistrate Judge based his recommendation on Defendant's failure to comply with the prescribed

1

regimen of care by losing his placement at Harris Care Manor Center. (Doc. 43). Defendant has filed exceptions, and the matter is ripe for review. (Doc. 58).

Defendant was committed under 18 U.S.C. § 4246 on August 23, 2011. (Doc. 17). He was conditionally released on December 5, 2016. (Doc. 35). One of the conditions of his release was that he reside at Harris Manor Care Center in Farmington, Missouri and comply with mental health treatment. (Doc. 35 at 2). On February 7, 2019, the Court received a Notice of Violation and Request for Warrant wherein the government notified the Court that Defendant had violated the conditions of his release by losing his placement at Harris Manor Care Center as a result of "numerous and continued behavioral issues." (Doc. 38 at 2). These include failing to comply with his mental health care treatment and becoming belligerent with staff. *Id.* At a hearing on this motion, USPO Officer Siler testified as to Defendant's non-compliance with the terms of his conditional release. (Doc. 55). After careful review of the record, the Court finds by a preponderance of evidence that Defendant violated the terms of his conditional release by losing his placement at Harris Manor Care Center and not complying with his mental health treatment.

Defendant argues there is insufficient evidence to support a finding that the violations of the terms of his conditional release create a substantial risk of harm to other people or their property and/or that he remains committable under § 4246. To begin, Defendant's argument regarding whether he remains committable under § 4246 is not the issue before the Court. When the Court conditionally released Defendant, it did not determine he was no longer committable under § 4246. Rather, it was an order stating that he was "conditionally released pursuant to 18 U.S.C. § 4246(e) *under the following conditions*: . . . " (Doc. 35, emphasis added). The current motion pending before the Court is whether Defendant's conditional release should be revoked for failure to abide

by those conditions, and as a result, whether he should be remanded to the custody of the Attorney General for hospitalization and treatment pursuant to the provisions of 18 U.S.C. § 4246.

If Defendant believes he is no longer subject to commitment under § 4246 that is a separate issue that may be raised through either a motion to dismiss the § 4246 commitment or for a discharge from his commitment. Neither motion is pending nor is the issue raised by the government's pending motion to revoke. Here, Defendant has violated the terms of the Court's Order. As a result, the Court must determine whether in light of that violation he creates a substantial risk of harm to other people or their property. This Court has previously found, by clear and convincing evidence, that Defendant "suffers from a mental disease or defect, as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another" and that commitment under § 4246 is appropriate. *See e.g. United States v. Woods,* 944 F. Supp. 778, 780 (D. Minn. 1996) (finding that at the revocation hearing the court may determine whether a mental examination is required or whether the statutory standard may be met without the need for a mental examination).[1] There has been no evidence presented to the Court that contradicts its prior ruling. The Court previously ruled that Defendant could be safely released to the community if, and only if, certain conditions were present. Those conditions are no longer present due to Defendant's actions. There has never been a determination Defendant could be safely released in the absence of the Court ordered conditions.

---

[1] "Although this Court has the power to order a mental examination before the revocation hearing, the Court believes that the preferable process to follow in cases seeking revocation of conditional release brought pursuant to 18 U.S.C. § 4246(f) is to commence the revocation hearing before the hearing on a motion to compel a mental examination, and hear such evidence as is admissible on the issues presented by the Motion for Revocation. It does not appear that Congress intended that in every such hearing the Court must require a mental examination in order to determine whether a person who has violated the conditions of his or her release is a risk to society. If that were required in every case, it is to be expected that this would be set forth in the statute." *Id.*

Defendant argues that ruling on the motion to revoke without an independent evaluation is improper. Here, Defendant's last mental evaluation was in 2016, with the panel concluding that his release would not create a substantial risk of danger "as long as he is conditionally released under a prescribed regimen of care." (Doc. 29-1 at 15). The government has not provided the Court with an updated risk assessment of Defendant since then. However, the current issue presented to the Court is not whether Defendant has recovered from his mental illness or whether he should be unconditionally released. Rather, the issue is whether his conditional release should be revoked and as a result he should be remanded to the custody of the Attorney General pursuant to the statute because his continued release would be a danger. The Court previously ruled that Defendant could be safely released only if certain conditions were followed to ensure both the safety of the Defendant and the public. Defendant failed to follow those conditions. As a result, the conditions established to ensure safety are no longer in place and as a result, the Court finds a danger now exists. Further, the Court considers the fact Defendant failed to comply with his conditions of release as further evidence of dangerousness. The Court does not believe the government must establish that Defendant remains committable under 18 U.S.C. § 4246 at this stage.

Finally, while the Court finds Defendant's conditional release should be revoked at this time, the Court notes that a risk assessment should be conducted upon his remand to the custody of the Attorney General for hospitalization and treatment pursuant to the provisions of 18 U.S.C. § 4246.[2] If the risk assessment finds Defendant is suitable for a second conditional release the

---

[2] Section § 4246 (f) states: "Upon such notice, or upon other probable cause to believe that the person has failed to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, the person may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. The court shall, after a hearing, determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or

4

government should promptly file the appropriate motion and seek a community placement that will ensure both Defendant's and the public's safety.

After a review of the record before the Court, the record establishes that Defendant's conditional release should be revoked and that commitment under the provisions of 18 U.S.C. § 4246 is appropriate. Defendant violated his terms of conditional release when he failed to comply with his prescribed treatment regimen and the rules of his facility. His failure to comply with his conditions of release establishes that his continued release makes him dangerous to both himself and others.

Accordingly, it is hereby **ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. 57) is **ADOPTED**. It is further **ORDERED** that Defendant's Exceptions (Doc. 58) are **OVERRULED.** It is **ORDERED** that the Motion for Revocation of Conditional Release (Doc. 41) is **GRANTED** and that Defendant's conditional release be **REVOKED**. Finally, it is **ORDERED** that Defendant be, and hereby is, committed to the custody of the Attorney General for hospitalization and treatment under the provisions of 18 U.S.C. § 4246.

**IT IS SO ORDERED**.

DATED: October 1, 2019

                                          */s/ Douglas Harpool*
                                          **DOUGLAS HARPOOL**
                                          **UNITED STATES DISTRICT JUDGE**

---

treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another."